**\*\*E-filed 12/08/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LAURA MAPES,

        Plaintiff,

v.

CITY OF UNION CITY, et al.,

        Defendants.

No. C 10-3922 RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Laura Mapes was employed as a fire marshal for Union City from 2000 until the elimination of her position in 2009, ostensibly for budgetary reasons. She brings this action alleging her termination resulted from gender discrimination, from retaliation for a complaint she filed with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging such discrimination, and/or from retaliation for her complaints that the City was not complying with certain legal requirements regarding the source of funding for her position. The City and individual defendant Carlos Rodriguez, the City's fire chief, move to dismiss certain of the claims for relief.[1] For the reasons discussed below, the motion will be granted in part and denied in part.

---

[1] This action was originally filed in Alameda Superior Court and was removed here by defendants. In conformance with state court practice, the claims for relief asserted in the complaint are labeled as "causes of action."

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); see also *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

## III. DISCUSSION

A. Claims against the City

The City does not challenge the adequacy of Mapes' pleading of her claims for discrimination and retaliation for filing an EEOC discrimination complaint; it moves to dismiss only her third and fourth claims for relief. Mapes third claim for relief is brought under California's "whistleblower" statute, Cal. Labor Code § 1102.5. Mapes alleges she was terminated at least in part in retaliation for having questioned whether the City was properly expending monies from the Certified Unified Program Agency ("CUPA") Hazardous Materials Management Program, and whether the City should have been funding at least 50% of her salary from that source, given the scope of her job responsibilities.

The City argues that because Mapes alleges that she first raised the CUPA funding issue in 2007, she has failed to allege facts to support a plausible claim that her layoff, announced some two years later in April of 2009, was causally related to her allegedly protected activity. Although the complaint also alleges that Mapes renewed her complaints about CUPA funding *after* she was notified of her impending termination, the City contends such after-the-fact complaints by definition cannot support the requisite causal link.

The complaint, however, alleges that the announcement of layoffs made in April of 2009 was *tentative*, and that the actual terminations would take place in July if the City failed to pass a budget accommodating the positions targeted for elimination. Mapes' subsequent discussions with Chief Rodriguez regarding the City's practices in spending CUPA funds allegedly were part of a proactive effort on her part to secure a revenue source that would prevent the elimination of her position. The complaint also alleges that only three individuals were actually laid off in July (as opposed to the four positions slated in April for elimination), and that the two persons other than Mapes were reinstated within a few days.

At the pleading stage, these allegations are sufficient to support a plausible inference that, even assuming Mapes' appearance on the layoff list in April of 2009 was not the result of her having raised the CUPA issue in 2007, her actual termination in July of 2009 may have been motivated at least in part by the complaints she made after the tentative layoffs were announced. Accordingly, the City's motion to dismiss the third claim for relief is denied.

Mapes' fourth claim for relief asserts "negligent retention" by the City. The complaint and Mapes' opposition do not make it entirely clear whether the "retention" Mapes is complaining about is the City's employment of Chief Rodriquez or its hiring of a candidate other than herself for an assistant fire chief position in 2007, or both. In any event, the City correctly contends that as a public entity, it is not liable under state law for common law negligence. *See Miklosy v. Regents of University of California*, 44 Cal.4th 876, 899 (2008) (holding that Cal. Govt. Code §815 "abolishes common law tort liability for public entities.").

In opposition, Mapes contends that the City can nonetheless be held liable in *respondeat superior* for the wrongful acts of its employees, pursuant to Cal. Govt. Code §815.2. This argument

fails for two reasons.  First, this claim for relief seeks to hold the City liable for *its own* purported negligence in retaining Chief Rodriguez, the assistant fire chief, or both.  Second, even assuming the claim could be recast as seeking to impose *respondeat superior* liability, Cal. Govt. Code §815.2 permits such claims only where the employee's act or omission would have "given rise to a cause of action against that employee."  As discussed in the following section, Chief Rodriquez is not individually liable for the alleged acts of discrimination and retaliation; there is therefore no basis to hold the City vicariously liable for his alleged acts or omissions.   Rather, if Mapes can prove her allegations of discrimination or retaliation, the City will be directly liable under one or more of her first three claims for relief.  Accordingly, the City's motion to dismiss the fourth claim for relief is granted.

At the hearing Mapes suggested that the intent of this claim was to hold the City responsible for the "negligent" hiring and/or subsequent retention of the assistant fire chief, despite the fact that he allegedly did not meet the minimum qualifications for the position.  The allegation that an unqualified male was hired for the assistant fire chief position in lieu of Mapes would, if proven, be evidence that could support her discrimination claim against the City.  It is not immediately clear, however, that Mapes would have standing as one City employee to pursue a standalone negligence claim based on the allegation that another employee was hired in derogation of the City's hiring standards.  Nevertheless, in view of the liberal policy to allow amendments, Mapes will be given leave to amend, if she in good faith believes she can state a claim.

B.  Claims against Rodriguez

Chief Rodriguez moves to dismiss the first three claims for relief on grounds that, as an individual supervisory employee, he is not personally liable under either federal or state law for alleged acts of employment discrimination or retaliation.[2]  Mapes has offered no opposition to Rodriguez's arguments, which are well-taken.  *See Miller v. Maxwell's International Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("individual defendants cannot be held liable for damages under Title

---

[2]  The fourth claim for relief is expressly limited to the City.

4

VII."); *Reno v. Baird*, 18 Cal.4th 640, 663 (1998) ("individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts."); *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1173 (2008) ("nonemployer individuals are not personally liable for their role in [] retaliation."). At the hearing, Mapes expressly conceded that she cannot pursue individual claims against Rodriguez. Accordingly, the first three claims for relief are dismissed without leave to amend insofar as they pertain to Rodriguez.

## IV. CONCLUSION

The motion is granted as to Rodriquez without leave to amend, and he is hereby dismissed from this action. The City's motion to dismiss the third claim for relief is denied. The City's motion to dismiss the fourth claim for relief is granted, with leave to amend. Mapes shall file any amended complaint no later than December 30, 2010. In the event Mapes elects not to amend, the City shall file its answer to the existing complaint no later than January 14, 2011.

IT IS SO ORDERED.

Dated: 12/08/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE